FILED

10/25/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0118

DA 16-0118

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 274N

IN THE MATTER OF THE ESTATE OF:

DONALD WESLEY JOHNSON,

      Deceased.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. ADP 2015-63
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Margaret E. Miller (Self-Represented), East Helena, Montana

      For Appellee:

          Brand G. Boyar, Boyar Law Offices, PLLC, Helena, Montana

Submitted on Briefs:  August 31, 2016

Decided:  October 25, 2016

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Donald W. Johnson (Decedent), the oldest of 13 siblings, died on April 11, 2015, at age 67. His Last Will and Testament designated one of his sisters, Lora Johnson, and his niece, Shauna Helfert, as co-personal representatives (Co-PRs). In May 2015, the First Judicial District Court, Lewis and Clark County, granted Co-PRs' application for informal probate of Decedent's Will. On May 27, 2015, heirs and devisees were notified of the proceeding and creditors were notified on June 18, 2015.

¶3    On August 19, 2015, Decedent's sister Margaret Miller, who was four years younger than Decedent, submitted a claim against Decedent's estate seeking $75,000 in emotional and psychological damages, claiming Decedent had sexually abused her when they were both children and young adults, approximately 50 years earlier. She attached an affidavit dated August 18, 2015, in which she described, in substantial detail, instances of physical and sexual abuse by her brother dating back to 1962. Additionally, she claimed in the affidavit that several years ago she had told two of her sisters that the Decedent had molested her when they were youths.

¶4 In September 2015, the Co-PRs disallowed Miller's claim on the ground that she had not petitioned the District Court for allowance to assert her claim. In November 2015, Miller submitted her Allowance for Claim to the District Court. In December 2015, Co-PRs moved to have Miller's claim dismissed on the grounds that the claim was barred by the applicable statute of limitations and violated Decedent's constitutional rights.

¶5 On January 21, 2016, the District Court granted Co-PRs' motion and dismissed Miller's claim. Relying on § 27-2-216, MCA, which establishes the statute of limitations for tort actions arising from childhood sexual abuse, the court concluded that Miller's claim was barred. Section 27-2-216, MCA, provides, in relevant part:

> (1) An action based on intentional conduct brought by a person for recovery of damages for injury suffered as a result of childhood sexual abuse must be commenced not later than:
> (a) 3 years after the act of childhood sexual abuse that is alleged to have caused the injury; or
> (b) 3 years after the plaintiff discovers or reasonably should have discovered that the injury was caused by the act of childhood sexual abuse.

¶6 Miller filed a timely appeal. We affirm.

¶7 Appearing pro se, Miller argues on appeal that it was not until her brother's April 2015 death that repressed memories of the abuse began to surface, causing her emotional and psychological distress. She maintains that the surfacing of these memories qualifies as "discovery" of the abuse and its injuries under § 27-2-216(1)(b), MCA; consequently, her claim is timely filed.

3

¶8      Statutes of limitations exist to promote fairness and suppress stale claims, ensuring that the responding party has a reasonable opportunity to put forth an effective defense. *Christian v. Atl. Richfield Co.*, 2015 MT 255, ¶ 13, 380 Mont. 495, 358 P.3d 131.

¶9      In the case before us, Miller was a child when the alleged abuse began.  She asserts that it continued until Decedent "was in his twenties."  As such, Miller may have reached the age of majority before the alleged abuse ceased.  While Miller argues that her injury and emotional distress arose when the memories surfaced in 2015, the record establishes that memories of the events were not suppressed years ago when she mentioned to her sisters that their brother had abused her, or in 2013, when she told one of her sisters she did not want to visit their ailing brother because he had been mean to her and had molested her.

¶10     Miller claims that since her brother's death, she has suffered traumatic flashbacks, a severe rash on her legs, and the loss of teeth as a result of a stress-induced exacerbation of rheumatoid arthritis.  However, she has provided no evidence that links these conditions to her claimed childhood sexual abuse.  Moreover, the submitted affidavit of Miller's counselor reveals that Miller has experienced low self-esteem, difficulty in maintaining relationships, and feelings of depression throughout her adult life.  Given Miller's obvious memories of her brother's alleged abuse, her statements that she did not want to embarrass or humiliate her family by making her allegations public, the passage of 50 years, and her decision to seek compensation just weeks after her brother's death and before she commenced counseling, lead us to conclude, as did the District Court, that

4

Miller reasonably could or should have discovered the physical and emotional impact of the alleged abuse much earlier.

¶11 While we appreciate the difficulty of raising such a claim and the ramifications it could have on a family, the evidence in the record establishes that Miller's memory of the alleged events was not suppressed until her brother's death. It is clear that she had memories of events at least periodically through the years and knowledge that there may be reasons to associate those events with the physical and emotional symptoms she was experiencing. As a result, the applicable statute of limitations bars her claim and the District Court did not err in so ruling. As we conclude Miller's claim is barred by § 27-2-216, MCA, we need not address the constitutional issue raised before the District Court.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. In the opinion of this Court, this case presents questions clearly controlled by settled law.

¶13 We affirm.

/S/ MICHAEL E WHEAT

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ JIM RICE

5